LARRY SALZMAN, Cal. Bar No. 224727
Email: lsalzman@pacificlegal.org
*Local Southern District of California Counsel*
Pacific Legal Foundation
555 Capitol Mall, Suite 1290
Sacramento, California 95814
Telephone: (916) 419-7111
Facsimile: (916) 419-7747

HALEY DUTCH, Colo. Bar No. 58181*
Email: hdutch@pacificlegal.org
JACK E. BROWN, Va. Bar No. 94680*
Email: jbrown@pacificlegal.org
Pacific Legal Foundation
3100 Clarendon Blvd., Suite 1000
Arlington, Virginia 22201
Telephone: (202) 888-6881
Facsimile: (916) 419-7747

*Attorneys for Plaintiffs*
*\*pro hac vice applications forthcoming*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIANS FOR EQUAL RIGHTS FOUNDATION, a 501(c)(3) organization, and KAI PETERS,<br><br>Plaintiffs,<br><br>v.<br><br>UNIVERSITY OF CALIFORNIA BOARD OF REGENTS; UNIVERSITY OF CALIFORNIA SAN DIEGO; PRADEEP K. KHOSLA, in his individual and official capacity as the Chancellor of UC San Diego; THE SAN DIEGO FOUNDATION, a 501(c)(3) organization, as administrator of the BLACK ALUMNI SCHOLARSHIP FUND; and ED SPRIGGS, in his individual and official capacity as Executive Chair of the Black Alumni Scholarship Fund,<br><br>Defendants. | No. **'25CV1808 BEN DEB**<br><br>**COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES** |

## INTRODUCTION

1. Kai Peters came to UC San Diego as a transfer student with high hopes for his academic future.

2. A junior pursuing his degree at one of California's premier public universities, Kai worked hard to earn his place at UCSD.

3. Like many college students, he was eager to find scholarship opportunities to help offset his educational costs.

4. But Kai soon discovered he was automatically excluded from one of the university's most prominent scholarship programs—not because of his grades, financial need, or career potential—solely because of his race.

5. UCSD created that program, the Black Alumni Scholarship Fund (BASF), in 1983. When it was created, BASF was a state-run program that awarded scholarships based on race.

6. UC San Diego continued to maintain this race-based scholarship program until 1998, two years after California voters overwhelmingly voted to pass Proposition 209, which prohibits discrimination in public education.

7. UCSD found a way around the prohibition. It transferred BASF to an off-campus nonprofit, the San Diego Foundation. Though BASF is now nominally a private program, it still operates as a UCSD scholarship.

8. UCSD conspires with BASF to award scholarships based on race through sleight of hand, in violation of the clear commands of the United States and California Constitutions to treat its students equally.

9. The Californians for Equal Rights Foundation seeks to end this practice on behalf of its members—including Kai, UCSD students,

and high school students planning to apply to UCSD and seeking scholarship assistance.

10. They ask this Court to vindicate a principle that has been long enshrined in American law—that the government cannot outsource racial discrimination to a private party.

## JURISDICTION AND VENUE

11. This action arises under the Fourteenth Amendment to the United States Constitution; federal civil rights statutes 42 U.S.C. §§ 1981, 1985, and 2000d *et seq.*; and article I, section 31 of the California Constitution.

12. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, because this action arises under the Constitution and laws of the United States.

13. The Court has supplemental jurisdiction to adjudicate Plaintiffs' claims under article I, section 31 of the California Constitution pursuant to 28 U.S.C. § 1367(a). The events, parties, witnesses, and injuries that form the basis of the U.S. constitutional and federal civil rights claims are the same or related to the events, parties, witnesses, and injuries that form the basis of the state constitutional claims and derive from a common nucleus of operative facts.

14. This Court has the authority to issue declaratory relief under 28 U.S.C. §§ 2201 and 2202.

15. Venue is proper in this district under 28 U.S.C. § 1391(b)(1)–(2). The Defendants' domicile is within this district and a substantial part of the events giving rise to this claim have occurred or will occur in the Southern District of California.

///

Complaint                                                                 No._____

3

# PARTIES

## Plaintiffs

### *CFER and Its Members*

16. Californians for Equal Rights Foundation (CFER) is a nonprofit organization founded to defend the principle of equal rights.

17. CFER has members who are college and high school students in California.

18. Except for their race, these members would be eligible for the BASF scholarship.

19. The CFER members are ready, willing, and able to apply for BASF, but the strict racial requirement renders such an application futile.

20. Further, CFER members have not and will not receive invitations to apply for BASF, because they have not checked the "correct" race on their applications.

21. CFER engages in grassroots campaigns and education to fight against racial and gender preferences in government programs throughout California.

22. CFER has successfully fought for the principle of equality via the lawsuits brought against Alameda County and the San Diego Housing Commission. Both lawsuits ended with the repeal of unconstitutional laws.

23. CFER brings this action on behalf of its members, who have been injured by Defendants' racially discriminatory practices, and in its own right due to the frustration of its mission and diversion of resources.

### *CFER Member A*

24. CFER has one member who is an Indian-American junior at UCSD and a San Diego native.

25. Member A applied to transfer to UCSD in the fall of 2023 and was accepted into the junior class for 2024.

26. Member A did not indicate a race on the UCSD application and did not receive an application for BASF.

27. Member A easily clears the academic requirements for a BASF scholarship.

28. Thus, Member A is eligible for BASF but for the strict racial requirement.

29. Member A is ready, willing, and able to apply for BASF and fulfill all non-racial participation requirements.

30. Member A also would benefit greatly from BASF's grant of $5,000 for transfer students, which can be used for books and other school expenses.

*CFER Member B*

31. CFER Member B is an Asian-American high school senior who lives in San Diego.

32. She plans to apply to UC San Diego.

33. But for the strict racial requirement, she would be eligible for the BASF scholarship.

34. She is ready, willing, and able to apply for, participate in, and receive the BASF scholarship.

*CFER High School Members*

35. CFER also has multiple other Asian-American high school members who plan to apply to UCSD.

36. CFER's high school members will seek scholarships to help defray the costs of tuition to UCSD.

37. If not for the racial restriction, CFER's high school members would be eligible for the BASF scholarship.

Complaint   No._____
5

38. CFER's high school members are ready, willing, and able to apply for, participate in, and receive the BASF scholarship.

*Kai Peters*

39. Kai Peters is a white Junior at UCSD.

40. Kai listed his race on his UCSD application as White/Caucasian.

41. Kai transferred to UCSD, but he did not receive an application for the BASF transfer scholarship.

42. Given the opportunity, Kai would participate in both the financial and mentorship components of the scholarship.

## Defendants

*University of California Board of Regents*

43. The University of California Board of Regents is the governing board of the University of California system.

44. The Board of Regents establishes university policy, makes decisions determining student admissions and cost of attendance, engages in planning for all University of California campuses and locations, including University of California San Diego, and supervises the making of contracts between the University of California and private parties.

*University of California, San Diego*

45. The University of California, San Diego (UCSD) is a public research university in San Diego, California, and part of the University of California system.

46. UCSD created the Black Alumni Scholarship Fund (BASF), a race-based scholarship program, in 1983.

47. UCSD transferred BASF to an off-campus nonprofit, the San Diego Foundation, in an effort to avoid the prohibition on racial

preferences in public education enumerated in article I, section 31 of the California Constitution.

48. UCSD conspires with the San Diego Foundation to award scholarships on the basis of race.

### *Pradeep K. Khosla*

49. Pradeep K. Khosla is the chancellor of the University of California, San Diego.

50. Chancellor Khosla is the chief executive officer of UCSD, in which role he administers and manages UCSD.

51. In his role as chancellor, Chancellor Khosla announced the Black Academic Excellence Initiative (BAEI). UCSD supports the BASF in part through the BAEI.

52. In his role as chancellor, Chancellor Khosla conspires to award scholarships on the basis of race with the San Diego Foundation.

53. Chancellor Khosla is sued in his individual and official capacities.

### *The San Diego Foundation d/b/a Black Alumni Scholarship Fund*

54. The San Diego Foundation is a 501(c)(3) organization that administers the Black Alumni Scholarship Fund.

55. The Foundation manages charitable assets, including scholarship funds. It is the legal and financial administrator of the Black Alumni Scholarship Fund (BASF), the subject of this lawsuit.

56. Although BASF is presented as a distinct scholarship program, it is not separately incorporated and operates as a designated fund within The San Diego Foundation. The Foundation thus exercises control over BASF's assets, application procedures, and eligibility requirements, including the race-based criteria challenged in this action.

57. UCSD transferred its race-based scholarship program, the Black Alumni Scholarship Fund, to the San Diego Foundation in an effort to avoid the prohibition on racial preferences in public education enumerated in article I, section 31 of the California Constitution.

58. Although nominally private, the Black Alumni Scholarship Fund operates as a UCSD scholarship and receives support through UCSD's Black Academic Excellence Initiative (BAEI), announced by Chancellor Khosla.

59. The San Diego Foundation conspires with UCSD to award scholarships on the basis of race.

*Ed Spriggs*

60. Ed Spriggs is the Executive Chair of the Black Alumni Scholarship Fund.

61. In his role as executive chair, Mr. Spriggs administers BASF, collaborates with the UCSD campus, and raises money for the BASF endowment at the San Diego Foundation.

62. In his role as executive chair, Mr. Spriggs conspires with UCSD to award scholarships on the basis of race.

63. Mr. Spriggs is sued in his individual and official capacities.

## FACTUAL ALLEGATIONS

**The Black Alumni Scholarship Fund (BASF)**

64. The Black Alumni Scholarship Fund (BASF) is a privately funded scholarship for black students admitted to the University of California San Diego.

65. BASF is racially exclusive, awarding scholarships only to black students.

66. It requires that students maintain a 2.7 GPA.

67. It also requires that students participate in BASF activities like mentoring.

68. BASF sends application materials to every admitted black student, whether a freshman or transfer applicant.

69. The scholarship, according to its website, has a goal of increasing the proportion of black graduates from UCSD.

70. It claims that it is not subject to California Proposition 209, which restricts public universities' use of racial preferences, so its recipients are "100% . . . Black/African American."

**Conspiracy with UC San Diego**

71. Chancellor Khosla, on behalf of UCSD, created the Black Academic Excellence Initiative (BAEI), a program closely entangled with BASF.

72. In a press release, BASF stated that BAEI would raise funds "to grow the existing, privately administered Black Alumni Scholarship Fund." *UC San Diego Launches Black Academic Excellence Initiative*, BASF (Mar. 8, 2016), https://basf-sandiego.com/uc-san-diego-launches-black-academic-excellence-initiative/.

73. It included a statement from UCSD's Vice Chancellor of DEI, Becky Petitt, who said that the "expanded scholarship support" would "encourage more collegebound black students to consider, apply and enroll at UC San Diego." *Id.*

74. UCSD and Chancellor Khosla have full knowledge that BASF discriminates based on race.

75. Despite that knowledge, UCSD and Chancellor Khosla continue to encourage, support, facilitate, and fund the program.

76. There are high levels of staff crossover between UCSD and BASF. At least eight members of the 17-member BASF Board are

current or former UCSD employees or trustees. *About Us*, BASF (visited July 10, 2025), https://basf-sandiego.com/about-us/.

77. Two additional members are on the UCSD Alumni Board, and another member is on the UCSD Board of Trustees.

78. The UCSD official website for its Black Academic Excellence Initiative (BAEI) indicates financial entanglement with BASF.

79. The website states that the University is "partnering" with BASF to "help grow" BASF's scholarship fund.

80. It also says "gifts [to the Initiative] will support privately administered scholarships [from BASF]."

81. UCSD is giving BASF the names of admitted students who check the Black/African American ethnicity box on their applications. *Freshman Applicants*, BASF (visited July 10, 2025), https://basf-sandiego.com/freshman-applicants/ ("Students who have been admitted to UC San Diego and have identified themselves on the UC application as Black or African American will receive a BASF invitation to apply and a link to the application form.").

82. UCSD has the power to reject an applicant or expel a current student for dishonesty, which would include checking an inaccurate race category on their application.

83. By turning over students' information to a racially discriminatory scholarship program, UCSD participates in racial discrimination.

84. Notably, the CFER members did not receive applications for BASF, because they did not check the "Black/African American" box on their applications.

85. BASF students may also have guaranteed or preferred access to UCSD's Summer Bridge Program. Summer Bridge, UC San Diego

1  (last visited Mar. 28, 2025), https://summerbridge.ucsd.edu/.

2  86.  This program allows students to get 6 credits before the start of college and is completely free, including room and board.

4  87.  The BASF website states that the "BASF Scholarship Program includes invaluable academic enrichments preferred by high-achieving students like you, such as: Access to summer transition programs." *Freshman Applicants*, BASF (visited July 10, 2025), https://basf-sandiego.com/freshman-applicants/.

9  88.  It further states, "For admitted students . . . , the 5-week on campus or virtual Summer Bridge program is available. However, you must submit a timely Summer Bridge application." *Freshman Applicants*, BASF (visited July 10, 2025), https://basf-sandiego.com/freshman-applicants/.

14  89.  The Summer Bridge program is competitive, and not all applicants are admitted.

**The Impact of UCSD and BASF's Racial Discrimination**

17  90.  Plaintiffs—including CFER members and Kai Peters—have suffered and continue to suffer injuries as a direct and proximate result of Defendants' racially discriminatory conduct.

20  91.  Plaintiff Kai Peters and Member A were denied the opportunity to compete for the Black Alumni Scholarship Fund (BASF) solely because of their race. Despite meeting the academic and eligibility criteria, they were excluded from receiving information about the scholarship and from applying for its financial and mentorship benefits, which are made available only to Black applicants.

26  92.  The denial of access to educational resources on the basis of race has caused them tangible harm, including lost opportunities for

28

Complaint                                                                                           No._____
11

financial support, mentoring relationships, and professional development.

93. Plaintiff Peters continues to attend UC San Diego, where the challenged discrimination remains in effect. BASF and UCSD persist in administering and promoting a scholarship that explicitly excludes students based on race.

94. Members of CFER who are currently enrolled or plan to apply to UCSD face the same exclusion. Their injuries are ongoing and imminent. These students are deterred from fully participating in university life, disheartened by discriminatory treatment, and denied equal access to scholarships and programming sponsored or endorsed by UCSD.

95. CFER's high school members and other prospective applicants are reasonably concerned that they will be excluded or disadvantaged on the basis of race, undermining the fairness of UCSD's admissions and financial aid environment.

96. The harms experienced by Plaintiffs are not limited to economic losses. Defendants' actions have caused dignitary harm, emotional distress, stigmatization, and the denial of equal treatment under the law. Plaintiffs experience being officially classified as ineligible for a UCSD scholarship because of their race.

97. Unless enjoined by this Court, Defendants will continue to enforce or collaborate in a racially discriminatory scholarship program in violation of federal and state law. Plaintiffs have no adequate remedy at law and are entitled to declaratory and injunctive relief to prevent the continuation of this unlawful conduct.

///

# CLAIMS FOR RELIEF

## First Cause of Action

## (42 U.S.C. § 1985 – Conspiracy to Interfere with Civil Rights)

98. Plaintiffs incorporate and reallege each and every allegation contained in the preceding paragraphs of this Complaint.

99. The Fourteenth Amendment to the United States Constitution provides: "No State shall make or enforce any law which shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

100. 42 U.S.C. § 1985(3) provides that: "If two or more persons in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; . . . whereby another is . . . deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators."

101. Defendants Pradeep K. Khosla, in his individual capacity as the Chancellor of UC San Diego; The San Diego Foundation as administrator of the Black Alumni Scholarship Fund; and Ed Spriggs, in his individual and official capacity as Executive Chair of the Black Alumni Scholarship Fund are each a "person" liable under 42 U.S.C. § 1985.

102. Ed Spriggs oversaw the application of BASF's discriminatory selection criteria on students, including Plaintiffs, even though he knew or should have reasonably known that the criteria violated their right to equal protection of the law. Pradeep Khosla, as Chancellor of UCSD, knew or reasonably should have known of BASF's unlawful

discriminatory racial preferences and knowingly contributed to the carrying out of those preferences.

103. Defendants have "conspired" within the meaning of 42 U.S.C. § 1985.

104. BASF discriminates on the basis of race, which, in conspiracy with state actors, violates the Equal Protection Clause.

105. This joint discrimination is subject to strict scrutiny because it categorizes individuals on the basis of race, and it cannot survive strict scrutiny.

106. Defendants have not attempted to implement any race-neutral alternatives and BASF does not provide any end date for its race-based measures.

107. The BASF scholarship's racial classifications use race as a negative.

108. The BASF scholarship's racial classifications use race as a stereotype.

109. BASF applicants, including Plaintiffs, have been and will continue to be harmed by Defendants' racial discrimination.

## Second Cause of Action
## (42 U.S.C. § 1981 – Deprivation of Civil Rights Based on Race)

110. Plaintiffs incorporate and reallege each and every allegation contained in the preceding paragraphs of this Complaint.

111. Section 1981 prohibits discrimination on the basis of race and protects the right of all persons in every State to make and enforce contracts and to the full and equal benefit of all laws and proceedings for the security of persons and property.

///

112. Defendants violated § 1981 by purposefully and willfully denying the equal opportunity to be considered for the BASF scholarship, and to make and enforce a contract because of race.

113. That racial discrimination interfered with Plaintiffs' rights to contract for educational benefits on an equal basis.

114. Defendants' actions were in accordance with an official policy and custom of UCSD.

115. Defendants' actions caused the deprivation of Plaintiffs' rights.

1. The United States Supreme Court has held that § 1981 protects all persons—regardless of their race—from "discrimination in the making or enforcement of contracts." *McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273, 295 (1976).

116. Plaintiffs are members of the racial groups that Defendants disfavor for BASF scholarships.

117. Defendants' deprivation of Plaintiffs' right to equal consideration occurred due to Plaintiffs' race. Defendants intended to discriminate and purposefully discriminated against them on the basis of race.

118. Persons who suffer discrimination in violation of § 1981 are entitled to both equitable and legal relief, including damages.

119. Plaintiffs have suffered damages as a result of Defendants' discriminatory actions.

## Third Cause of Action
## (42 U.S.C. § 2000d – Intentional Discrimination in Violation of Title VI of the 1964 Civil Rights Act)

120. Plaintiffs incorporate and reallege each and every allegation contained in the preceding paragraphs of this Complaint.

1   121.  Title VI of the 1964 Civil Rights Act (42 U.S.C. §2000d)
2   provides, in relevant part: "No person in the United States shall, on the
3   ground of race, color, or national origin, be excluded from participation
4   in, be denied the benefits of, or be subjected to discrimination under any
5   program or activity receiving Federal financial assistance."
6   122.  UCSD, recipient of federal funds, violated Title VI, 42 U.S.C.
7   § 2000(d) *et seq.*, by conspiring with BASF to racially discriminate
8   against students who seek scholarships.
9   123.  UCSD's actions were made under color of law.
10  124.  Title VI is privately enforceable.
11  125.  Discrimination that violates the Equal Protection Clause of
12  the Fourteenth Amendment of the United States Constitution
13  constitutes a violation of Title VI when committed by an institution that
14  accepts federal funds.
15  126.  An institution's use of race or ethnicity that is in any way
16  motivated by prejudice or a stereotype against a particular group
17  violates Title VI.
18  127.  UCSD has conspired with BASF to exclude Plaintiffs on the
19  basis of race or ethnicity based on prejudicial and stereotypical
20  assumptions about their qualifications and circumstances.
21  128.  Plaintiffs have been and will continue to be injured because
22  Defendants have denied and will continue to deny the opportunity to
23  compete for a BASF scholarship on equal footing with other applicants.
24  129.  Plaintiffs are entitled to attorneys' fees and costs pursuant to
25  42 U.S.C. § 1988.
26  ///
27
28

# Fourth Cause of Action

# (Article I, Section 31 of the California Constitution – Discriminatory and Preferential Treatment on the Basis of Race)

130. Plaintiffs incorporate and reallege each and every allegation contained in the preceding paragraphs of this Complaint.

131. Article I, section 31 of the California Constitution provides that the State of California and its counties and other subdivisions "shall not discriminate against, or grant preferential treatment to, any individual or group on the basis of race, sex, color, ethnicity, or national origin in the operation of public employment, public education, or public contracting." Cal. Const. art. I, § 31(a), (f).

132. The BASF scholarship discriminates against and grants preferential treatment to individuals on the basis of race in public education.

133. The BASF scholarship is not required by "any court order or consent decree" in force as of November 6, 1996. Cal. Const. art. I, § 31(d).

134. The BASF scholarship is not necessary to "establish or maintain eligibility for any federal program, where ineligibility would result in a loss of federal funds to the State." Cal. Const. art. I, § 31(e).

135. UCSD, a California state entity, has conspired with BASF to enact its discriminatory scholarship program.

# Fifth Cause of Action

# (42 U.S.C. § 1983 and U.S. Const. amend. XIV, § 1 – Violation of the Equal Protection Clause)

136. Plaintiffs incorporate and reallege each and every allegation

contained in the preceding paragraphs of this Complaint.

137. The Fourteenth Amendment to the United States Constitution provides: "No State shall make or enforce any law which shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

138. 42 U.S.C. § 1983 provides that: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ."

139. Defendant Pradeep K. Khosla, in his individual and official capacity as the Chancellor of UC San Diego, is a "person" acting under color of state law within the meaning of 42 U.S.C. § 1983.

140. By adopting policies and practices that coordinate with or endorse the racially exclusive criteria of the Black Alumni Scholarship Fund (BASF), UCSD and its officials have subjected Plaintiffs to unequal treatment based on race.

141. Specifically, UCSD and its officials actively assist in the administration of the BASF by:

    a. Sharing race-identified admissions data with BASF;

    b. Publicly endorsing BASF's racially exclusive scholarship;

    c. Referring students to BASF through university-affiliated programming;

    d. Including BASF in the University's Black Academic Excellence Initiative fundraising; and

    e. Failing to ensure that scholarships supported by or affiliated

with the university are administered without regard to race.

142. These actions have resulted in Plaintiffs' exclusion from the BASF scholarship based on their race.

143. Plaintiffs have suffered harm, including but not limited to lost financial and mentorship opportunities, emotional distress, and the denial of equal treatment in a public education context.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

1. A declaratory judgment declaring that the racial preferences in Defendants' BASF program violate the Fourteenth Amendment to the United States Constitution; Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq*; federal civil rights statutes 42 U.S.C. §§ 1981, 1983, and 1985; and article I, section 31 of the California Constitution;
2. An injunction preventing UCSD from releasing students' demographic information to BASF and otherwise conspiring to award race-based scholarships;
3. An injunction preventing BASF from conspiring with UCSD to award race-based scholarships;
4. An award of attorney's fees and costs in this action pursuant to 42 U.S.C. § 1988;
5. An award of nominal damages in the amount of $1.00; and
6. An award of any further legal or equitable relief this Court may deem just and proper.

DATED: July 16, 2025.

Respectfully submitted,

LARRY SALZMAN
JACK BROWN*
HALEY DUTCH*

 s/ *Larry Salzman*
LARRY SALZMAN
*Attorneys for Plaintiffs*
Email: lsalzman@pacificlegal.org

**pro hac vice applications forthcoming*